**In re ANC RENTAL CORPORATION, et al., Debtors.**

**ANC Rental Corporation, et al., Plaintiffs,**

**v.**

**Tarrant County, City of Euless, Grapevine–Colleyville Independent School District, Tarrant County Hospital District, Tarrant County College District, and Tarrant Appraisal District, Defendants.**

**Bankruptcy No. 01–11200(MFW).**
**Adversary No. 04–51211.**

United States Bankruptcy Court,
D. Delaware.

Oct. 8, 2004.

Joseph M. Harrison, IV, J.M. Harrison & Associates, Floresville, TX, for Plaintiffs.

Theodore J. Tacconelli, Ferry & Joseph P.A., Brian A. Sullivan, Werb & Sullivan, Wilmington, DE, for Defendants.

Bonnie Glantz Fatell, Elio Battista, Jr., Elizabeth A. Wilburn, Blank Rome LLP, Wilmington, DE, Eric J. Bronstein, Elliott, Reihner, Siedzikowski & Egan, Blue Bell, PA, Frank S. Potts, Columbia, SC, James E. Huggett, Flaster Greenberg, Jason W. Staib, William J. Burnett, Blank Rome LLP, Joseph Grey, Joseph H. Huston Jr., Stevens & Lee, Roland Gomez, Sheldon K.

Rennie, Fox, Rothschild, O'Brien & Frankel LL, Thomas G. Whalen Jr., Stevens & Lee, P.C., Wilmington, DE, for Debtors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion of Tarrant Appraisal District (TAD) to dismiss the Complaint filed by ANC Rental Corporation, et al. ("the Debtors") or, in the alternative, to be dismissed as a party defendant from the action. Also before the Court is the Joint Response of Tarrant County, City of Euless and Tarrant County College District (collectively "the Tax Authorities") joining in TAD's Motion to the extent it seeks dismissal of the action but opposing TAD's request to be dismissed as a party. The Debtors oppose both Motions. For the reasons set forth below, we grant TAD's Motion and dismiss the Complaint.

## I.  *FACTUAL BACKGROUND*

On November 13, 2001, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. On December 10, 2003, the Debtors filed a complaint against the Defendants seeking a determination of tax liability pursuant to section 505 of the Bankruptcy Code. Specifically, the Debtors ask this Court to correct and reduce the amount of taxes assessed against them for the tax years 1999 through 2001. In addition, the Debtors request an order directing the Tax Authorities to correct their tax rolls accordingly. The Debtors assert that the taxes were based on erroneously high valuations of the personal property owned by them as a result of appraisals done by TAD.

On April 21, 2004, TAD filed an Answer to the Complaint. On May 20, 2004, TAD filed the Motion to Dismiss. On May 21, 2004, the Tax Authorities filed their Joint Response to TAD's Motion to Dismiss. On the same day, Grapevine–Colleyville Independent School District (GCISD) filed a Joinder to TAD's Motion to Dismiss. Notices of completion of briefing have been filed and the matters are ripe for decision.

## II.  *DISCUSSION*

Both TAD and the Tax Authorities argue that this Court lacks subject matter jurisdiction to hear this case because the Debtors filed protests of their 1999 and 2001 taxes, but withdrew these protests before any adjudication could be made. The Defendants argue that when the Debtors withdrew their tax protests, they waived their rights to protest the tax assessments in the future. The Tax Authorities also argue that Texas procedural rules regarding a refund of taxes for tax years 1999 and 2000 were not followed and that, therefore, no relief can be given to the Debtors by this Court. GCISD adds that the Court may not order a refund of the 2001 taxes because they were never paid.

The Debtors disagree. They argue that withdrawal of the tax protests does not constitute a formal adjudication for section 505 purposes because no written agreement was reached by the chief appraiser and the Debtors as to value. Instead, the Debtors argue that a proper request for a refund has been made through the filing of this complaint. In addition, the Debtors argue that this Court does not lack subject matter jurisdiction because section 505 "establishes an independent jurisdictional basis for bankruptcy court authority to determine and correct taxes, which is in no way dependent on having complied with

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

state or local administrative protests or litigation procedures." However, the Debtors do not cite any authority for this position.[2] They merely cite section 505(a)(1) which, they argue, gives the Bankruptcy Court broad jurisdiction over taxes (whether or not previously assessed, paid, contested or adjudicated).

■ The Debtors' assertion is contrary to binding precedent in this Circuit. The Third Circuit has held that:

In light of the legislative history of § 505(a), the overwhelming case authority interpreting it as precluding the bankruptcy court from adjudicating claims for refund of taxes that were not seasonably contested in accordance with procedures set out by the taxing authority, and the policy considerations underpinning § 505, we are persuaded that the Bankruptcy Court here did not have jurisdiction to order the City to refund excess payments for those years in which Custom paid the taxes but did not contest them in accordance with [the New Jersey statute]. Accordingly, the overpayments made by Custom for the 1992, 1993, and 1994 tax years cannot be refunded.

*City of Perth Amboy v. Custom Distrib. Serv. (In re Custom Distrib. Serv.)*, 224 F.3d 235, 243–44 (3d Cir.2000). In short, the Third Circuit views the "properly requests" language as an exhaustion of administrative remedies requirement, operating as a bar to jurisdiction when the requirement is not met. *Id.* at 243.

■ Since the Debtors did not "properly request" a refund or protest the valuation of their property in accordance with Texas law for tax years 1999 and 2000, we conclude that we do not have jurisdiction to hear the Debtors' request under section 505(a). *Id.* at 239–40 (courts "have consistently interpreted [section] 505(a) as a jurisdictional statute"). Similarly, the Debtors did not properly protest the 2001 tax assessment. This failure on the Debtors' part leaves us without subject matter jurisdiction to address these taxes. Accordingly, we will grant the Motion to Dismiss as to the Debtors' claims for adjustments or refunds.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted.

An appropriate order is attached.

### ORDER

AND NOW this 8th day of October, 2004, upon consideration of the Motions of the Defendants to Dismiss and the Debtors' Responses thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motions to Dismiss are **GRANTED**; and it is further

---

**2.** The Debtors cite cases which describe section 505 in general terms as meant to protect the estate and creditors. *See, e.g., In re El Tropicano, Inc.*, 128 B.R. 153, 161 (Bankr. W.D.Tex.1991). The *El Tropicano* decision held that the "properly requests" requirement was not a jurisdictional bar, but an affirmative defense. However, that case was distinguished by the Third Circuit in *City of Perth Amboy v. Custom Distribution Services (In re Custom Distribution Services)*, 224 F.3d at 243, where it held that *"El Tropicano* did not specifically deal with § 505(a)(2)(B)(i) and its 'properly requests' requirement. Nor did [it] engage in an analysis of the legislative history of that section, which may have led [it] to a different conclusion. We therefore find [that case] inapposite and unhelpful to the case at bar." The Fifth Circuit has criticized *El Tropicano* on similar grounds. *See In re Luongo*, 259 F.3d 323, 330 (5th Cir.2001).